OPINION
{¶ 1} Defendant, Sharon Monie, appeals from her conviction andsentence for assault.
 {¶ 2} The evidence presented by the State demonstrates that onthe night of November 6, 2002, Datasha Stallworth and a friendattended karaoke night at Frank Jay's, a Trotwood nightclub.Ms. Stallworth and her friend sat at a table occupied by severalother women. Nearby was another table occupied by Defendant andher friends. Several of the women at Stallworth's table got intoan argument with the women at Defendant's table. That argumentescalated into a brawl with ten or more women involved in thefight. Stallworth was not involved in the altercation and got outof the way when the fight broke out.
 {¶ 3} The manager of the bar, Gregory Anderson, broke up thefight and told all of the women to leave. Stallworth attempted tohelp some of the women collect their purses and belongings fromoff of the floor. Stallworth was standing close to Mr. Anderson,who was between Stallworth and Defendant. Although Stallworth didnothing to provoke Defendant, when Stallworth bent down to gether jacket, Defendant reached over Anderson and hit Stallworth inthe face with a glass. Anderson quickly grabbed Defendant and sawthat she was holding the broken stem from the glass in her hand
 {¶ 4} Stallworth suffered a cut near her left eye thatrequired three stitches at the hospital and left a scar. WhenDefendant went out into the parking lot after this incident, twoor three women, not including Stallworth, attacked her. AfterTrotwood police officer Mike Richardson arrived on the scene, hedetermined that Defendant was intoxicated and kept changing herstory about what had occurred.
 {¶ 5} Defendant's evidence presents a very different versionof the events. According to Defendant, the argument between thetwo groups of women started when the women at Stallworth's tablebegan calling Defendant's friend names and disparaging hersinging. Stallworth threw a chair, and the women at her tableattacked Defendant's friend and a brawl broke out. Ten or elevenwomen were fighting with chairs, fists, and glasses flying.Defendant denied hitting Stallworth with a glass or anythingelse.
 {¶ 6} After Gregory Anderson broke up the fight and orderedall of the women to leave, he escorted Defendant out of the barinto the parking lot. At that time Anderson incited the women whohad been at Stallworth's table to attack Defendant, and severalof them did. Anderson also hit Defendant in the face. During theattack in the parking lot Defendant was hit or kicked in thehead. When police arrived they initially considered Defendant thevictim.
 {¶ 7} Defendant was charged by complaint in Montgomery CountyArea One District Court with assault in violation of R.C.2903.13(A). Following a trial to the court, Defendant was foundguilty. The trial court sentenced Defendant to sixty days in jailbut suspended fifty-nine of those days and gave Defendant jailtime credit for one day served. The court fined Defendant threehundred dollars plus court costs but suspended two hundreddollars of the fine. The court also placed Defendant on sixmonths of supervised probation.
 {¶ 8} Defendant timely appealed to this court from herconviction and sentence. Execution of Defendant's sentence wasstayed pending this appeal.
 ASSIGNMENT OF ERROR {¶ 9} "Appellant's conviction is against both the sufficiencyand manifest weight of the evidence."
 {¶ 10} A sufficiency of the evidence argument challengeswhether the State has presented adequate evidence on each elementof the offense to allow the case to go to the jury or sustain theverdict as a matter of law. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52. Theproper test to apply to such an inquiry is the one set forth inparagraph two of the syllabus of State v. Jenks(1991), 61 Ohio St.3d 259:
 {¶ 11} "An appellate court's function when reviewing thesufficiency of the evidence to support a criminal conviction isto examine the evidence admitted at trial to determine whethersuch evidence, if believed, would convince the average mind ofthe defendant's guilt beyond a reasonable doubt. The relevantinquiry is whether, after viewing the evidence in a light mostfavorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond areasonable doubt."
 {¶ 12} Defendant was found guilty of violating R.C.2903.13(A), which provides:
 {¶ 13} "No person shall knowingly cause or attempt to causephysical harm to another or to another's unborn."
 {¶ 14} "Knowingly" is defined in R.C. 2901.22(B):
 {¶ 15} "A person acts knowingly, regardless of his purpose,when he is aware that his conduct will probably cause a certainresult or will probably be of a certain nature. A person hasknowledge of circumstances when he is aware that suchcircumstances probably exist."
 {¶ 16} Defendant argues that the evidence is insufficient toprove that she hit Stallworth causing physical harm becauseStallworth did not see Defendant hit her. However, the manager ofthe bar, Gregory Anderson, testified that he saw Defendant reachover him and hit Stallworth with a glass.
 {¶ 17} Defendant further argues that even if she did hitStallworth, causing her injuries, the evidence is insufficient toprove that she did so "knowingly." Defendant suggests that shemay have been simply "flailing around in an attempt to gather herbelongings and leave."
 {¶ 18} Defendant's argument is completely unsupported by therecord. The testimony of Stallworth and Gregory Anderson, ifbelieved, is sufficient to prove that Defendant hit Stallworth inthe face with a glass. The trier of facts could reasonably inferthat Defendant was aware that such conduct would probably resultin physical harm.
 {¶ 19} Viewing the testimony of Stallworth and Anderson in alight most favorable to the prosecution, a reasonable trier offacts could find all of the elements of assault proven beyond areasonable doubt. Therefore, Defendant's conviction is supportedby legally sufficient evidence.
 {¶ 20} A weight of the evidence argument challenges thebelievability of the evidence, and asks which of the competinginferences suggested by the evidence is more believable orpersuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App.No. 15562, unreported. The proper test to apply to that inquiryis the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 21} "[t]he court, reviewing the entire record, weighs theevidence and all reasonable inferences, considers the credibilityof witnesses and determines whether in resolving conflicts in theevidence, the jury lost its way and created such a manifestmiscarriage of justice that the conviction must be reversed and anew trial ordered." Accord: State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 22} The evidence introduced at trial presents conflictingversions of the events that transpired. In resolving thatconflict the trial court chose to believe Stallworth andAnderson, rather than Defendant. Defendant argues that Anderson'stestimony about Defendant assaulting Stallworth is not worthy ofbelief because Anderson was a biased witness. For instance, onceDefendant was outside in the parking lot, Anderson incited thewomen who had been at Stallworth's table to attack Defendantwhich they did. Moreover, at trial Anderson and Stallworth wereobserved discussing this case. Defendant also claims thatStallworth's testimony is not worthy of belief because shetestified that she did not know who threw the chair that startedthe brawl, but both Defendant and Defendant's friend, TwanaDarnell, testified that Stallworth is the person who threw thechair.
 {¶ 23} The credibility of the witnesses and the weight to begiven to their testimony is a matter for the trier of facts, thetrial court here, to resolve. State v. DeHass (1967),10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), MontgomeryApp. No. 16288, we observed:
 {¶ 24} "[b]ecause the factfinder . . . has the opportunity tosee and hear the witnesses, the cautious exercise of thediscretionary power of a court of appeals to find that a judgmentis against the manifest weight of the evidence requires thatsubstantial deference be extended to the factfinder'sdeterminations of credibility. The decision whether, and to whatextent, to credit the testimony of particular witnesses is withinthe peculiar competence of the factfinder, who has seen and heardthe witness." Id., at p. 4.
 {¶ 25} This court will not substitute its judgment for that ofthe trier of facts on the issue of witness credibility unless itis patently apparent that the trier of facts lost its way inarriving at its verdict. State v. Bradley (October 24, 1997),Champaign App. No. 97-CA-03.
 {¶ 26} The trial court, sitting as the trier of facts, did notlose its way simply because it chose to believe Stallworth andAnderson's version of the events rather than Defendant's, whichit was entitled to do. In reviewing this record as a whole, wecannot say that the evidence weighs heavily against a conviction,that the trial court lost its way, or that a manifest miscarriageof justice has occurred. Defendant's conviction for assault isnot against the manifest weight of the evidence.
 {¶ 27} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Judgment affirmed.
 Fain, P.J., and Brogan, J., Concur.